UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ESTEBAN CHAVEZ-CRUZ,<br>a/k/a Amigo,<br><br>　　　　　　Defendant. | 4:14-CR-40021-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

　　　Defendant, Esteban Chavez-Cruz, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 83. Plaintiff, the United States of America, opposes the motion. Docket 104. For the following reasons, the court denies defendant's motion for compassionate release.

**BACKGROUND**

　　　On August 13, 2014, Chavez-Cruz was found guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 40; Docket 42. On November 3, 2014, the court sentenced Chavez-Cruz to 262 months in custody and 5 years of supervised release. Docket 50 at 2; Docket 51 at 2-3.

　　　Chavez-Cruz is incarcerated at Federal Correctional Institution (FCI) Sandstone in Sandstone, Minnesota. Docket 83 at 5. As of December 16, 2020, there are currently 239 active COVID-19 cases among FCI Sandstone's inmates and staff, 0 deaths from COVID-19, and 332 inmates and staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last visited on Dec. 16, 2020).

Chavez-Cruz is 57 years old. Docket 85 at 174. His chronic medical conditions include angioedema, sporadic labored breathing difficulties, unspecified keratitis, migraines, and heart disease. Docket 83 at 4-5; Docket 103 at 73. Chavez-Cruz is allergic to common medications like aspirin, isordil, and atorvastatin. Docket 87 at 18; *see also* Docket 85 at 233. As a result, Chavez-Cruz has had several episodes of allergic reactions to these medications. Docket 85 at 21, 43, 46, 64, 81, 99, 131. As of September 14, 2020, Chavez-Cruz weighed 223 pounds and is 68 inches tall. Docket 103 at 129. Based on his weight and height, his body mass index (BMI) is a 33.9. *See* Adult BMI Calculator, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi _calculator.html (last visited on Dec. 15, 2020).

Chavez-Cruz has not provided this court with a copy of his request for reduction of sentence due to COVID-19; however, the record reflects a letter, dated May 5, 2020, from the warden denying this request. Docket 83-1. On August 17, 2020, Chavez-Cruz filed a pro se motion with the court for relief under the First Step Act. *Id.*

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in

2

the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Chavez-Cruz argues that the risks posed by the COVID-19 pandemic together with his adverse health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 83 at 3-4. Chavez-Cruz requests a sentence of time served. Docket 83 at 8.

I.     **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

3

earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

On May 5, 2020, the warden denied Chavez-Cruz's request for compassionate release. Docket 83-1. Thus, the 30-day period expired on June 4, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Chavez-Cruz's motion is ripe for review on the merits.

## II.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As

4

the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the

policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Chavez-Cruz has failed to show that his medical conditions rise to extraordinary and compelling circumstances.

Chavez-Cruz contends that his circumstances warrant relief under 18 U.S.C. § 3852(c)(1)(A). Docket 83 at 1, 3-5. Chavez-Cruz argues that his health conditions—angioedema, sporadic labored breathing difficulties, unspecified keratitis, migraines, and heart disease—put him at high-risk of severe illness if he contracts COVID-19. *Id.* at 4-5. Chavez-Cruz did not articulate which category his circumstances falls within under the extraordinary and compelling reasons provision. Thus, the court will analyze his circumstances under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D).

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Dec. 1, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of

6

medical conditions that *may* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, liver disease, overweight, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Chavez-Cruz's medical conditions include obesity, hypertension, and heart disease. Docket 86 at 643; Docket 103 at 73. The CDC has identified that people who are obese (a BMI of 30 or higher) are at an increased risk of severe illness from COVID-19. With a BMI of 33.9, Chavez-Cruz is obese. But "the fact that [Chavez-Cruz] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, that extraordinary and compelling reasons justify the reduction of his sentence." *United States v. Williams*, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020); *see also United States v. McAbee*, No. 4:14-CR-40027-KES, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons); *United States v. Saenz*, No. 3:10-CR-30027-RAL, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (finding defendant with other medical conditions and a BMI between 40 and 44.9 did not establish extraordinary and compelling reasons).

Additionally, Chavez-Cruz's heart disease is listed as a condition that places an individual at an increased risk of severe illness from COVID-19. On September 10, 2020, Chavez-Cruz underwent a successful cardiovascular surgery. Docket 103 at 26-27. On September 14, 2020, records reflect that Chavez-Cruz was doing well and his pain was managed. *Id.* at 22. Additionally,

7

he's prescribed numerous medications to treat his heart condition. *Id.* at 4, 43. Chavez-Cruz is currently partaking in daily therapy, his pain is well controlled, and the medical records reflect "no acute concerns" as of September 24, 2020. *Id.* at 2.

Chavez-Cruz's hypertension is listed as a medical condition that might increase the risk of severe illness from COVID-19. After reviewing BOP records, there is an absence of documentation showing that Cooper's hypertension is moderate or severe. His records do note that his compliance with his medication is good, but "not his lifestyle." Docket 86 at 596. Chavez-Cruz is currently taking clopidogrel for his hypertension. *Id.* at 542.

The court believes that Chavez-Cruz's medical conditions are appropriately managed at FCI Sandstone, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, that it adequately treated inmates who contracted COVID-19, and that it will continue to do so. Although the court in no way underestimates Chavez-Cruz's health conditions, such ailments, coupled with the present conditions at FCI Sandstone, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Chavez-Cruz's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Chavez-Cruz was convicted of conspiracy to distribute of a controlled substance in violation of 21 U.S.C. §§ 841(a)(I) and 846. Docket 50; Docket 62 at 2-3. After searching Chavez-Cruz's residence, 1,764.8 grams of

methamphetamine (actual) were located, and an additional 17.2 grams of methamphetamine (actual) was found in his vehicle. Docket 48 ¶¶ 7-8. At trial, multiple witnesses testified to Chavez-Cruz's involvement in the distribution of methamphetamine. *Id.* ¶¶ 9-10. When calculating his offense level, he received an increase due to the firearms found in his residence. *Id.* ¶¶ 7, 18. His offense level was a 40, and he was in criminal history category II. *Id.* ¶¶ 22, 32. The advisory guideline range for his sentence was 324-405 months in custody. *Id.* ¶ 52. The mandatory minimum sentence for the offense was 120 months in custody. *Id.* ¶ 51.  When sentencing Chavez-Cruz, the court sentenced him below his guideline range of 262 months in custody and 5 years of supervised release. Docket 51 at 2-3. Chavez-Cruz has only served 35.3% of statuatory term and 30% of his full term. Docket 86 at 752. Therefore, the court finds that Chavez-Cruz's sentence of 262 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crime to which he was found guilty.

## CONCLUSION

Chavez-Cruz has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 83) is denied.

Dated December 16, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9