UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ESTEBAN CHAVEZ-CRUZ,<br><br>Defendant. | 4:14-CR-40021-KES-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Chavez-Cruz, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 132. Plaintiff, the United States of America, opposes Chavez-Cruz's motion. Docket 133. Chavez-Cruz filed a rely to the government's response. Docket 134. For the following reasons, Chavez-Cruz's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Chavez-Cruz's Guideline range, based on a total offense level of 38 and a Criminal History Category of II, was 262-327 months in custody. Docket 52-1 at 1. On November 3, 2014, the court sentenced Chavez-Cruz to 262 months in custody for conspiracy to distribute a controlled substance. Docket 51 at 1-2.

On February 8, 2024, Chavez-Cruz filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines. Docket 132. Chavez-Cruz claims the court should apply a sentence reduction because he received "status points" when his criminal history was calculated, and he claims he had zero criminal history points. *Id.* at 1. Because Chavez-Cruz relies upon both provisions, the court will analyze his motion under both amendments.

## I.  U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the

Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Chavez-Cruz did not receive any "status points" for committing his offense while under any criminal justice sentence. *See generally* Docket 48. Thus, the amendment to U.S.S.G. § 4A1.1(e) does not apply to his case.

## II.    U.S.S.G. § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level

3

determined under Chapters Two and Three by 2 levels. U.S.S.G. § 4C1.1.

Chavez-Cruz fails to meet the criteria for zero-point offenders for two reasons. First, he had 3 criminal history points from his prior conviction for driving while intoxicated and driving after cancellation. Docket 48 at 7-8. Second, Chavez-Cruz received a 2-level adjustment because he was found to be in possession of four firearms, which were found during the search of Chavez-Cruz's residence. *Id.* at 4, 6. The four firearms were hidden in the same hidden compartments as the methamphetamine and marijuana. *Id.* Because criterion 1 and 7 apply to his case, he is ineligible for the zero-point offender reduction under U.S.S.G. § 4C1.1(a).

## CONCLUSION

It is ORDERED that Chavez-Cruz's motion (Docket 132) is DENIED.

Dated April 16, 2024.

                                        BY THE COURT:

                                        */s/ Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE