UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ESTEBAN CHAVEZ-CRUZ,<br><br>Defendant. | 4:14-CR-40021-KES<br><br><br>**ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE** |

Defendant, Esteban Chavez-Cruz, files his third pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 139. Plaintiff, the United States of America, opposes the motion. Docket 141.

## DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.' " *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (first alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s

1

exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather is "a claim processing rule that may be waived or forfeited by the government").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The United States contends that there is no documentation in the current record that Chavez-Cruz made a request for compassionate release to the Warden of FCI Forrest City, where he is currently held. Docket 141 at 3. It thus asserts that Chavez-Cruz has failed to exhaust his administrative remedies. *Id.* The United States notes that his instant motion is addressed to "Warden Chad Garrett" at "FCC-Forrest City", but the certificate of service is for the Clerk of Court in Sioux Falls, South Dakota. *Id.* (referring to Docket 139). It further notes that the records received from the BOP show that Chavez-Cruz previously filed a "Request for Compassionate Release" to Warden J. Fikes on April 30, 2020. Docket 140 at 76-79. According to the United States, this indicates that Chavez-Cruz is aware of the requirement that he exhaust his administrative remedies. Docket 141 at 4.

Chavez-Cruz presents no evidence that he exhausted his administrative remedies on the reasons for release stated in his current motion. Chavez-Cruz also does not provide the court any explanation for his failure to exhaust his

administrative remedies. Because Chavez-Cruz failed to exhaust all administrative remedies, and the United States raised this issue, the court must dismiss Chavez-Cruz's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("[c]ourts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue.).

## CONCLUSION

Chavez-Cruz failed to exhaust his administrative remedies. Thus, it is ORDERED that the defendant's motion for relief under the First Step Act (Docket 139) is denied without prejudice.

Dated December 31, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE